

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRIAN BELFIELD,**

    Plaintiff,

v.                                                          Civil Action No. **3:13CV234**

**KEN STOLLE,**

    Defendant.

## MEMORANDUM OPINION

Brian Belfield, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(a) and 1915(e)(2).

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must

"allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Allegations

In his Complaint,[2] Belfield alleges, in sum:

> As a state inmate that's been[ ] in the Va. Beach City Jail that these people wanted ship off to prison. And as well as the state not calling for me after I have been here over a year and 2 months. That's called pain[ ] and suffering of a civil rights matter which is a law suit matter as well. On the jail of the City of Va. Beach and the state prison system as well too. So my claim is that a state inmate should not be treated wrong in a city jail at all far as feeding goes. With bugs on the trays from the kitchen every day in the morning. And we don't eat 7 days a week within 12 hours apart[ ] from the next tray which will be a dinner tray at 4:00 p.m. in the afternoon. And on top of that people he is overcharging over a 100% on his canteen items so I really think that the IRS needs to look in to his listed on the internet online people very much so and you will see that I am not lying at all about any of this far as this matter goes people. And the canteen address is VBDS caremark.com online people look it up please? . . . so my claim is about pain and suffering of my civil rights of the law as a person as well as a[n] inmate. So I hope you people will honor me that I have been violated in the city jail of Va. Beach, Va. 23456.

(*Id.* at 5.) Belfield names Sheriff Ken Stolle as the sole defendant. (*Id.* at 2.) Belfield seeks unspecified money damages. (*Id.* at 6.) The Court construes Belfield to raise the following claims:

---

[2] The Court has corrected the capitalization, spelling, and punctuation in the quotations from Belfield's Complaint.

3

Claim One:   Stolle violated Belfield's Eighth Amendment rights[3] because he receives meal trays with insects.

Claim Two:   Stolle violated Belfield's Eighth Amendment rights by providing inadequate food.

Claim Three: Stolle violated Belfield's Eighth Amendment rights by overcharging inmates for canteen items.

## C.   Analysis

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson*

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

*v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In Claim One, Belfield alleges that his food trays "arrive [w]ith bugs on the trays from the kitchen every day in the morning." (Compl. 5.) "It is well-established that inmates must be provided with nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted) (internal quotation marks omitted). "The fact that [Belfield's] food occasionally contains foreign objects . . . while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (citations omitted); *accord Cartwright v. Woody*, No. 1:11cv1070 (JCC/JFA), 2012 WL 5866457, at *4 (E.D. Va. Nov. 19, 2012) (citing *Lunsford v. Reynolds*, 376

5

F. Supp. 526, 527 (W.D.Va. 1974)). Thus, Belfield fails to allege facts sufficient to satisfy either the objective or subjective component of the Eighth Amendment.

Instead, Belfield's claim amounts to no more than a "'routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler*, 989 F.2d at 1380 n.3 (quoting *Hudson*, 503 U.S. at 9) (some internal quotation marks omitted). With respect to the objective component, Belfield fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury, resulting from receiving food trays with insects on them. *Id.* at 1381. Belfield fails to allege facts suggesting that he lost weight, that he has suffered other adverse physical effects, or that his diet poses a substantial risk of serious harm to his person. *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999). For the subjective component, Belfield fails to allege facts indicating that Stolle knew of and disregarded a substantial risk of serious harm to Belfield. *Farmer*, 511 U.S. at 847. Belfield provides no indication that he placed Stolle on sufficient notice of an excessive risk of harm to his health or safety. Given that deficiency, Belfield fails to allege an Eighth Amendment claim. Claim One will be DISMISSED.

In Claim Two, Belfield alleges that "we don't eat 7 days a week within 12 hours apart[ ] from the next tray which will be a dinner tray at 4:00 p.m. in the afternoon." (Compl. 5.) Once again, Belfield fails to satisfy either the objective or subjective component of his Eighth Amendment claim.

"Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious . . . ." *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009) (citations omitted). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the

6

deprivation of food." *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); *see also Berry*, 192 F.3d at 506–08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because no specific allegations of physical harm). However, Belfield's general allegation that "we don't eat 7 days a week within 12 hours apart[ ] from the next tray" (Compl. 5), with no "suggestion of any deleterious physical or mental effects from this meal schedule," fails to suggest a sufficiently serious deprivation. *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (concluding that two meals a day on weekends, "simply does not rise to the level of 'serious or significant physical or mental injury'"); *see Berry*, 192 F.3d at 507 (recognizing that "[e]ven on a regular, permanent basis, two meals a day may be adequate" (citing *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986))); *see also De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381). Belfield neither claims that he has lost weight or that he suffered from other adverse physical effects, nor has he alleged facts suggesting a substantial risk to his health. *Berry*, 192 F. 3d at 508. Belfield's bare allegations about sometimes receiving meals twelve hours apart fail to suggest the requisite level of seriousness for an Eighth Amendment claim. *See Strickler*, 989 F. 2d at 1381 n.9.

Belfield also fails to allege facts that indicate that Stolle knew of and disregarded an excessive risk to Belfield's health. *See Farmer*, 511 U.S. at 837. Belfield's vague allegations fall short of permitting the conclusion that his complaints placed Defendant Stolle on sufficient notice of an excessive risk to Belfield's health or safety. *See Parrish*, 372 F.3d at 303; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). As such, Belfield's vague factual allegations against Stolle fail to "produce an inference of liability strong enough to nudge the plaintiff's

7

claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683) (some internal quotation marks omitted). Thus, Belfield fails to state an Eighth Amendment claim. Accordingly, Claim Two will be DISMISSED.

In Claim Three, Belfield alleges that Stolle overcharges for canteen items in violation of the Eighth Amendment. The Court fails to discern how Belfield's allegations state a constitutional claim under § 1983. "There is no federal constitutional requirement that jails must provide inmates with a canteen at which to purchase food items at any price." *Muhammad-Abdullah v. Albemarle Charlottesville Reg'l Jail*, No. 7:08–cv–0327, 2008 WL 2271231, at *2 (W.D. Va. June 2, 2008) (citing *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996)). Moreover, inmates have no constitutionally protected right to purchase items in the prison canteen at the lowest price possible. *Gray v. Stolle*, No. 3:11CV546, 2013 WL 4430915, at *5 (E.D. Va. Aug. 16, 2013) (citing *Collins v. Virginia*, No. CIVA 7:06CV00326, 2006 WL 1587467, at *1 (W.D. Va. June 6, 2006)); *Muhammad-Abdullah*, 2008 WL 2271231, at *2 (citations omitted). Accordingly, Claim Three will be DISMISSED.

**D.     Conclusion**

Accordingly, the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-3-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge